UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JACQUELINE AVRITT and ALAN AVRITT, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

RELIASTAR LIFE INSURANCE COMPANY,

Defendant.

CASE NO. C06-1435RSM

ORDER ON DEFENDANT'S MOTION TO TRANSFER

This matter is before the Court for consideration of a motion by defendant to transfer this case, pursuant to 28 U.S.C. § 1404(a), to the United States District Court for the District of Minnesota. Dkt. # 7. Defendant has also concurrently filed a motion to dismiss pursuant to F.R.Civ. Proc. 12(b)(6), but the Court shall consider the motion to transfer first. Although defendant has requested oral argument on this motion, the Court deems it unnecessary. For the reasons which follow, the Court shall GRANT the motion to transfer, and decline to rule on the motion to dismiss, which may be noted for consideration by the Minnesota court.

BACKGROUND

Plaintiffs, who are California residents, filed this putative class action on behalf of a class of California residents, mainly public school teachers, who purchased certain deferred retirement annuity policies from Northern Life Insurance Company ("Northern"), a Washington company, between January

ORDER ON MOTION TO TRANSFER - 1

1 of the year when the interest rate crediting policy challenged in this suit began (which plaintiffs believe to be approximately 1992), until October 1, 2002.  On or about that date in 2002, Northern merged into ReliaStar Life Insurance Company ("ReliaStar"), and ceased to exist as a separate entity.  ReliaStar is incorporated in Minnesota and has its principal place of business in Minneapolis, Minnesota.  ReliaStar has no corporate office in Washington.   The action seeks damages for the wrongful crediting of interest, a practice which plaintiffs believe ReliaStar continues to practice to this day.

Defendant has moved to transfer this action to the Minnesota district court pursuant to 28 U.S.C. § 1404(a),  which states that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought."   The purpose of this section is to "prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.' " *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960).  The statute "displaces the common law doctrine of *forum non conveniens*" with respect to transfers between federal courts. See *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F. 2d 834, 843 (9th Cir. 1986).   Section 1404(a) is not, however, simply a codification of the common law doctrine.  In passing § 1404(a), Congress "intended to permit courts to grant transfers upon a lesser showing of inconvenience" than was needed for dismissal under the doctrine of *forum non conveniens*. *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955).

The statute has two requirements on its face: (1) that the district to which defendants seek to have the action transferred is one in which the action "might have been brought," and (2) that the transfer be for the convenience of parties and witnesses, and in the interest of justice.  § 1404(a).  There is no question here that the action could have been brought in Minnesota district court, as defendant resides there, and is subject to personal jurisdiction there.   The Minnesota court also indisputably has subject matter jurisdiction over this class action complaint.   The decision to transfer, then, turns on whether the Court finds such transfer to be proper under the "convenience of parties and witnesses" and "interest of justice" standards.  The burden is on defendant to demonstrate that the transfer is warranted. *Saleh, et al., v. Titan Corporation, et al.*, 361 F. Supp. 2d 1152, 1155 (C.D.Cal. 2005).

 ORDER ON MOTION TO TRANSFER - 2

**1. Convenience of the parties.**

The general rule is that a plaintiff's choice of forum is accorded substantial weight. *Decker*, 805 F. 2d at 843. However, the deference due plaintiff's choice is greatly reduced where the plaintiff does not reside in the forum, or where the forum lacks a significant connection to the activities alleged in the complaint. *Williams v. Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D.Cal. 2001). If there is any indication that a plaintiff'' choice of venue is the result of forum-shopping, that choice will be accorded little deference. *Id.*

Here, defendant asserts that plaintiffs are engaging in forum-shopping to avoid the unfavorable effect of a ruling on a similar issue in a California district court, citing *Baymiller v. Guarantee Mutual Life Co.*, 2000 U.S. Dist. LEXIS 22002 (C.D.Cal). Plaintiffs in response contend that their choice of the Washington forum is based on the fact that there is a similar lawsuit, with Washington residents as the plaintiff class, pending in the King County Superior Court, *Curtis v. Northern Life Insurance Company* ("the *Curtis* lawsuit"). As extensive discovery has occurred in the *Curtis* lawsuit, plaintiffs contend that the convenience of parties factor favors litigating their lawsuit in Washington as well.

However, it is only the convenience of plaintiffs' counsel that is furthered by the pending King County lawsuit. The defendant in the King County action is Northern alone, and thus is different from this one. The pending King County lawsuit thus does not in any way reduce the burden on ReliaStar of litigating this lawsuit in Washington. Defendant has identified party witnesses at company headquarters in Minnesota, as well as relevant documents which are located in Minnesota, North Dakota, Iowa, Connecticut, Pennsylvania, Georgia, Colorado, Virginia, Washington D.C., New York, and Maryland. Declaration of Joseph Hamilton. Moreover, the only files located in Washington are inactive ones, whose retrieval and review elsewhere would not disrupt business activities in the way that retrieval of active files would. *Id.*

The Court thus gives little weight to plaintiff's argument that litigation here is more convenient for the parties due to the other lawsuit pending in Washington state court. According to plaintiffs, that case has advanced to the summery judgment stage. Any ruling by the state court that is relevant to this case would be equally as available to the Minnesota district court as this court.

ORDER ON MOTION TO TRANSFER - 3


Where the action has little connection with the chosen forum, less deference is accorded plaintiff's choice, even if plaintiff is a resident of the forum. *Saleh,* 361 F. Supp. 2d at 1155 (citing *Cain v. New York State Board of Elections*, 630 F. Supp. 221, 227 (E.D.N.Y. 1986)). *See also Chrysler Capital Corp. v. Woehling*, 663 F. Supp. 478 (D.Del. 1987); *Hernandez v. Graebel Van Lines*, 761 F. Supp. 983, 990 (E.D.N.Y. 1991). Here, as noted, plaintiffs are not even residents of this forum. Further, there is little connection between plaintiffs' cause of action and a Washington forum. Plaintiffs contend that a connection arises from the fact that the annuities at issue here were sold by a Washington company. However, that company no longer exists, and, according to plaintiffs, the conduct which they challenge has been continued by the Minnesota defendant. Most importantly, the financial damage which plaintiffs allege occurred to them in California, where they reside. The forum that has the greatest connection with the cause of action is California, but plaintiffs have chosen not to sue there.

The fact that there is precedent adverse to plaintiffs in California raises the question of forum-shopping. That question has not been adequately answered by plaintiff in asserting the reasons for filing in Washington. Accordingly, the Court gives little deference to plaintiff's choice of forum. *Williams v. Bowman*, 157 F. Supp. 2d at 1106. Because litigation in Washington will necessitate travel by both parties, while litigation in Minnesota will require that only one party travel, the convenience of the parties factor favors transfer.

**2. Convenience of the witnesses.**

The Court has considered the convenience of party witnesses above. As to former employees of Northern, who would be the non-party witnesses, plaintiffs have identified a number of them, and their locations. However, as defendant points out, it appears that plaintiff has selectively picked names from the list of persons identified by Northern in the *Curtis* litigation. According to Northern's initial response to a request to identify potential witnesses, the list includes former employees of Northern who now reside in Minnesota (four persons), California (one), and Virginia (one), in addition to persons still residing in Washington (three). Northern later supplemented its response with a long list, to include fourteen more Minnesota residents, and eight more Washington residents, as well as other former employees living in Connecticut (two), Vermont, Massachusetts, and Arizona (one in each state).

ORDER ON MOTION TO TRANSFER - 4

Declaration of Christopher Tompkins, Exhibit D.

When considering the convenience to witnesses, "the convenience of non-party witnesses is the more important factor." *Saleh*, 361 F. Supp. 2d at 1160 (quoting *Aquatic Amusement Associates, Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990)). The Court should consider not only how many witnesses each side may have, but also the relative importance of their testimony. *Id.*, citing *Gates Learjet Corp. v. Jensen*, 743 F. 2d 1325, 1335-36 (9th Cir. 1984) (a *forum non conveniens* case). The parties here have not provided sufficient information from which the Court could weigh the relative importance of the various former employees' testimony. Therefor the Court looks only to the number of potential witnesses identified. As there are more of these witnesses now residing in Minnesota than in Washington, this factor favors transfer.

**3. Interest of Justice.**

The interest of justice factor is the most important of all. *Nelson v. Master Lease Corporation*, 759 F. Supp. 1397, 1402 (D.Minn. 1991); *citing Medtronic, Inc., v. American Optical Corporation*, 337 F. Supp. 490, 495-97 (D.Minn. 1971). "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'" *Regents of the University of California v. Eli Lilly and Company*, 119 F. 3d 1559, 1565 (D.C.Cir. 1997). In considering the interests of justice, the Court weighs such factors as "ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law try the case." *Heller Financial, Inc., v. Midwhey Powder Co.*, 883 F. 2d 1286, 1293 (9th Cir. 1989). Overall, these factors strongly favor the Minnesota forum.

The congestion of the court's docket is a significant factor to be considered under this heading. "The real issue is not whether a dismissal will reduce a court's congestion but whether a trial may be speedier in another court because of its less crowded docket." *Gates Learjet Corp.*, 743 F. 2d at 1337. Defendant has presented statistics from 2005 indicating the average time to trial in each court (23 months in Minnesota versus 19.4 months in Washington); the average time from filing to disposition of civil cases (7.5 months in Minnesota versus 9.6 months in Washington), and weighted filings per judge (567 in Minnesota versus 626 for Washington). These differences, while they do weigh in favor of transfer, are

ORDER ON MOTION TO TRANSFER - 5

slight and plaintiff asks that the Court disregard them.

The Court notes that these statistics, while they may be the most current available, do not adequately reflect the current situation in this Court. According to the United States Courts website, www.uscourts.gov, as of this date, the Western District of Washington has two vacant district judge positions, one of which has been vacant long enough that it has been designated a judicial emergency. The District of Minnesota is not listed as having any vacant district judge positions. The 2005 "time to trial" figures do not reflect the current judicial emergency in this district, but it is to this Court's mind determinative of the interest of justice issue. This factor weighs strongly in favor of transfer, so that plaintiffs' claims may be resolved expeditiously. *Gates Learjet Corp.*, 743 F. 2d at 1337.

Finally, litigation in Minnesota would satisfy the "local interest" factor, because one party is a resident there, while no party is a resident of Washington. As to the applicable law, plaintiff has asserted claims arising under California law as well as Washington law. The Minnesota district court is as competent as this one to handle issues arising under the laws of other states.

## CONCLUSION

The Court has considered the factors of the convenience of parties and witnesses, and the interest of justice, and found that all of them favor transfer. Accordingly, defendant's § 1404(a) motion to transfer is GRANTED, and this case is TRANSFERRED to the United States District Court for the District of Minnesota. The Clerk shall close the file and notify the Clerk of Court in that district. Defendant's pending motion to dismiss is may be renewed in the Minnesota court.

DATED this 28th day of February 2007.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION TO TRANSFER - 6